| | |
|---|---|
| | MDR |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Clarence E. Howard,       )   No. CV 1-06-191-NVW
        Plaintiff,    )   **ORDER**
vs.                       )
C.O. J. Nunley, et al.,   )
        Defendants.   )

Plaintiff Clarence E. Howard is confined in the California Correctional Institution in Tehachapi, California. He filed a civil rights Complaint and subsequently filed an Amended Complaint/Motion for Temporary Restraining Order. In a January 6, 2009 Order, the Court dismissed the Amended Complaint because Plaintiff had failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and denied without prejudice the motion for a temporary restraining order. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On February 9, 2009, Plaintiff filed a Second Amended Complaint (Doc. #18) which contains a Memorandum of Points and Authorities. On March 12, 2009, Plaintiff filed a document (Doc. #19) that appears to be a request to submit a motion for preliminary injunctive relief. Plaintiff is not precluded from filing a motion for preliminary injunctive relief that complies with Rule 65 of the Federal Rules of Civil Procedure.

. . . .

JDDL

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II.     Second Amended Complaint**

In his Second Amended Complaint, Plaintiff sues Defendants Correctional Officer J. Nunley and Warden W.J. Sullivan.

Plaintiff's Second Amended Complaint is far from a short and plain statement of his claims. See Fed. R. Civ. P. 8. Succinctly stated, Plaintiff claims that Defendant Nunley peppersprayed Plaintiff because Plaintiff failed to comply with Defendant Nunley's instruction to stop knocking on the cell door. Plaintiff contends this use of force was excessive and, therefore, violated the Eighth Amendment, the Fourteenth Amendment, and California state tort law. Plaintiff also claims that another officer took Plaintiff for decontamination, which lasted three minutes, and then Plaintiff was placed in a "strip cell" without a mattress, sheets, blanket, socks, underwear, a t-shirt, shoes, a towel, soap, a toothbrush, toothpaste, or a spoon. Plaintiff claims the placement in a strip cell was pursuant to Defendant Sullivan's "unlawful policy directive," and that Defendant Nunley's use of excessive force was caused by Defendant Sullivan's inadequate training and his "underground excessive force policy or custom that incourage[d the] illegal act of excessive use of force . . . without legal probable cause."

**III.    Failure to State a Claim**

**A.      Failure to Link Defendants with Injuries**

Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). Further,

1 a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct.  See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor, 880 F.2d at 1045; King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

To the extent Plaintiff is attempting to raise claims regarding a failure to provide medical care and placement in a strip cell without due process, Plaintiff has failed to link those claims to Defendant Nunley.  Nor does Plaintiff link Defendant Sullivan to the medical-care claim.  He does not allege that Defendant Sullivan personally participated in the alleged constitutional deprivation or that Defendant Sullivant was aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further misconduct, or that he formed policies that resulted in Plaintiff's injuries.

Thus, Plaintiff has failed to state a claim against Defendant Nunley regarding his medical care and his placement in the strip cell and against Defendant Sullivan regardhing his medical care.

. . . .

. . . .

### B. Failure to Train

To prevail on a failure-to-train theory, a plaintiff must show (1) an inadequate training program, (2) deliberate indifference on the part of the defendant in adequately training his officers, and (3) that the inadequate training actually caused a deprivation of Plaintiff's constitutional rights. Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989).

Plaintiff's vague and conclusory allegations do not state a failure-to-train claim against Defendant Sullivan, and, therefore, the Court will dismiss that claim.

### C. Equal Protection

To the extent Plaintiff is asserting that Defendant Nunley's alleged use of excessive force violated the Equal Protection Clause of the Fourteenth Amendment, Plaintiff has failed to state a claim. Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause of the Fourteenth Amendment[,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Although Plaintiff claims that Defendant Nunley used a racial epithet, this does not demonstrate that Defendant Nunley discriminated against Plaintiff based on his race.

The United States Supreme Court has recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff has failed to suggest that Defendant Nunley treated Plaintiff differently from other inmates who were explicitly instructed to cease knocking on their cell door but, nevertheless, persisted.

Thus, the Court will dismiss Plaintiff's Equal Protection claim.

### IV. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated an excessive force claim against Defendant Nunley. Plaintiff has also stated a claim against Defendant Sullivan regarding his strip-cell policy and his "underground" excessive-force policy. The Court will require Defendants to answer these claims. To the extent Plaintiff is attempting to invoke the Court's supplemental

1  jurisdiction in asserting that Defendants' conduct also violated state tort law, the Court will
2  also require Defendants to answer that claim.

**V. Warnings**

**A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendant Nunley must answer Plaintiff's excessive force claim, Defendant Sullivan must answer Plaintiff's claims regarding his strip-cell policy and his "underground" excessive force policy, and both must answer Plaintiff's claim that their conduct violated state tort law.

(2) Plaintiff's medical care claim, claim against Defendant Nunley regarding placement in a strip cell, claim against Defendant Sullivan regarding inadequate training, and equal protection claim are **dismissed without prejudice**.

(3) Plaintiff's Document (Doc. #19) is **granted to the limited extent** that the Court informs Plaintiff that he is not precluded from filing a motion seeking preliminary injunctive relief.

(4) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #18), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Nunley and Sullivan.

(5) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Second Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(6) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(7) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 24th day of March, 2009.

_____
Neil V. Wake
United States District Judge