IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Clarence Howard, | ) | No.CIV 06-0191-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| C/O J. Nunley, | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's Motion for Temporary Restraining Order (doc. # 26), which the Court denies.

"A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." *Whitman v. Hawaiian Tug & Barge Corporation/Young Bros. Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Id.* To obtain a preliminary injunction, the moving party must show either: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999). These are not two separate tests; they represent "extremes of a singular continuum." *Id.*

Plaintiff requests an injunction to prevent Defendants from (1) using unlawful excessive force against him; (2) unlawfully spraying him with pepper spray; (3) falsely

1 imprisoning him within the administrative segregation unit without cause; and (4) offering 2 false documentary evidence against him. Plaintiff further requests that Defendants be 3 ordered to transfer him to a new prison, and that Defendants be ordered to stay five-hundred 4 feet away from him. However, Plaintiff's request for immediate injunctive relief is not 5 adequately supported. A presently existing actual threat must be shown, although the injury 6 need not be certain to occur. *See FDIC v. Garner*, 125 F.3d 1272, 1280 (9th Cir. 1997). 7 "Speculative injury does not constitute irreparable injury sufficient to warrant granting a 8 preliminary injunction. A plaintiff must do more than merely allege imminent harm 9 sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as 10 a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 11 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original) (citations omitted). While Plaintiff 12 has, for example, alleged that Defendants unlawfully sprayed him with pepper spray without 13 provocation on February, 5, 2009, Plaintiff has made no showing that there is an immediate 14 threat that Plaintiff will be again subjected to similar conduct in the future. The same is true 15 of Plaintiff's other claims.

16 Plaintiff also requests a preliminary injunction requiring prison officials to return all 17 of Plaintiff's personal property that was taken by them. However, Plaintiff does not allege 18 in his motion that Defendants have unlawfully deprived him of his personal property. 19 Therefore, Plaintiff cannot establish a likelihood of success on the merits or the possibility 20 of irreparable injury.

21 IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining 22 Order (doc. # 26) is denied.

23 DATED this 12th day of January, 2010.

_____
Neil V. Wake
United States District Judge