WO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Fresno Division

| | | |
|---|---|---|
| Clarence Howard, | ) | No. CV 06-0191-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| C/O J. Nunley, et al., | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Motion for Reconsideration (doc. # 50) of the Court's previous denial of Plaintiff's Motion for Temporary Restraining Order (doc. #26), which the Court denies.

In his Second Amended Complaint, Plaintiff alleges that on March 2, 2004, correction officer Nunley, without provocation, unloaded a can of pepper spray on him while shouting racial slurs after Plaintiff complained that he had not been given bread with his evening meal. Immediately after the incident, Plaintiff was placed for sixty days in a strip search cell and was refused medical attention. Plaintiff has sued both correctional officer Nunley and the warden of the prison, J. Sullivan, and seeks compensatory and punitive damages, declaratory relief, and an injunction barring the future use of excessive force.

1	In his first Motion for Temporary Restraining Order, which the Court denied, Plaintiff
2 alleged that: (1) he was placed in the administrative segregation housing unit without
3 penological justification; (2) prison officials systematically filed and approved false and
4 unjustified disciplinary charges against him which resulted in longer confinement in the
5 segregation unit; (3) on July 11, 2003, he was attacked and choked by correctional officers
6 Bennet and Avila while he was being moved from one cell block to another without
7 provocation, (4) as stated in his complaint, on March 2, 2004, he was pepper sprayed by
8 officer Nunley without provocation; (5) on July 6, 2006, anti-psychotic medications were
9 administered to him against his will; and that (6) on February 5, 2009, correctional officer
10 Alvarez sprayed two cans of pepper spray within Plaintiff's cell without justification.
11 Plaintiff sought (1) a return of all of his personal property; (2) for the Court to prohibit
12 confiscation of personal literature in the future; (3) for prison officials to rescind their policy
13 concerning the use of excessive force;  (4) for prison officials to rescind their policy of
14 falsely imprisoning Plaintiff in the administrative segregation unit and to stop offering false
15 evidence against him; (5) for defendants and members of the prison classification committee
16 to stay five-hundred feet away from Plaintiff; and that (6) he be transferred to a different
17 correctional facility, either state or federal, and placed in the general population.

18	In his motion for reconsideration, Plaintiff reasserts that he has been unlawfully held
19 in the administrative segregation unit for the past four years, that correctional officers have
20 filed and approved false disciplinary charges against him, and that he was pepper sprayed on
21 February, 5, 2009, by correctional officers Alvarez and Bennet.  Plaintiff also alleges that his
22 personal property was unlawfully taken from him, and that whenever he seeks medical
23 treatment, the prison medical staff mock him, and that he has been denied treatment for a
24 broken thumb he suffered in 2001.  According to Plaintiff, these incidents are part of a course
25 of retaliatory action by prison officials to punish him for exercising his constitutional rights.
26 Plaintiff asks the Court to order Defendants to cease their unconstitutional practices.

27	"A temporary restraining order is designed to preserve the status quo until there is an
28 opportunity to hold a hearing on the application for a preliminary injunction." *Whitman v.*

1  *Hawaiian Tug & Barge Corporation/Young Bros. Ltd. Salaried Pension Plan*, 27 F. Supp.
2  2d 1225, 1228 (D. Haw. 1998). "The standard for issuing a temporary restraining order is
3  identical to the standard for issuing a preliminary injunction." *Id.*  To obtain a preliminary
4  injunction, the moving party must show either: "(1) a likelihood of success on the merits and
5  the possibility of irreparable injury; or (2) that serious questions going to the merits were
6  raised and the balance of hardships tips sharply in its favor." *Walczak v. EPL Prolong, Inc.*,
7  198 F.3d 725, 731 (9th Cir. 1999).  These are not two separate tests; they represent "extremes
8  of a singular continuum." *Id.*

9  Plaintiff cannot show either a likelihood of success on the merits or that serious
10 questions going to the merits were raised.  The incidents that Plaintiff describes in his
11 successive motions do not appear to be connected to the incident that gave rise to the
12 allegations in the complaint.  For example, Plaintiff alleges in his Motion for Reconsideration
13 that he was pepper sprayed by correctional officers Avila and Bennet on February 5, 2009.
14 In the complaint, Plaintiff alleges that he was pepper sprayed by correctional officer Nunley
15 in 2004.  Plaintiff does not explain how the 2009 incident, involving officers Avila and
16 Bennet, who are not defendants in this action, is related to the pepper spraying incident that
17 took place five years earlier.  Similarly, Plaintiff alleges that he has been held in the
18 administrative segregation unit for four years without justification, but Plaintiff's complaint
19 only states that Plaintiff was held in a strip cell for sixty days after the pepper spraying
20 incident in 2004.  Plaintiff does not explain how the two are related.  The same is true of
21 Plaintiff's other allegations involving the confiscation of his personal property and
22 inadequate medical care.  In fact, the only allegation that has any basis in the complaint is
23 the allegation that Plaintiff was pepper sprayed in 2004.  However, Plaintiff does not explain
24 why, on the basis of this incident, there is a likelihood of future harm.  For example, Plaintiff
25 does not allege that he remains in contact with correctional officer Nunley.  The Court
26 therefore cannot determine that Plaintiff will suffer irreparable injury or that the balance of
27 the hardships tips sharply in Plaintiff's favor.

28

Plaintiff cannot bring new allegations into his suit by means of a motion for a preliminary injunction. If Plaintiff wishes to add new allegations to his complaint, he must either seek leave of Court to amend his complaint or file a new complaint. Otherwise, Plaintiff could circumvent the requirement that he exhaust his administrative remedies by simply bringing new allegations into his suit through a motion for a preliminary injunction. Plaintiff has to make a showing that his claims are ultimately likely to succeed, but Plaintiff cannot ultimately succeed if the allegations in his motion for a preliminary injunction are unconnected to the allegations in the complaint. *See Hunter v. Hazelwood*, No. C05-956-TSZ-JPD, 2006 WL 925142, at *4, 2006 U.S. Dist. LEXIS 22630, at *9 (W.D. Wash. Apr. 10, 2006) (denying motion for preliminary injunction because it contained new allegations not included in the original complaint that did not involve the defendants and appeared not to have been exhausted administratively). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Because Plaintiff cannot establish a likelihood of success on the merits or that serious questions going to the merits of his suit were raised and the balance of the hardships tips heavily in his favor, the Motion for Reconsideration is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (doc. # 50) is denied.

DATED this 6th day of April, 2010

_____
Neil V. Wake
United States District Judge