IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Fresno Division

| | | |
|---|---|---|
| Clarence Howard, | ) | No.CIV 06-0191-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| C/O J. Nunley, et al., | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Motion to Compel Discovery (doc. # 58).

In its November 13, 2009 Scheduling Order, the Court set May 14, 2010, as the deadline for completion of all discovery, including filing motions to compel. (Doc. # 44.) The Court reiterated in its March 26, 2010 Supplemental Discovery Order and Scheduling Order that in light of the great age of this case, now more than four years old, the Court would require the parties to complete all discovery and all other pretrial preparation within the schedule ordered on November 13, 2009. (Doc. # 53.)  The Court explained that a request for an extension of a deadline would only be granted on a showing of good cause.

By April 21, 2010, when Plaintiff allegedly became unavailable, Plaintiff was already late in propounding discovery because the Court's deadline required the parties to *complete* discovery by May 14, 2010. However, the Court in its discretion will require Defendants to

1 respond to Plaintiff's requests for admissions and to produce documents that specifically
2 relate to the incidents alleged in the complaint.  Plaintiff's claims concern Defendant
3 Nunley's alleged pepper spraying of Plaintiff on or about March 4, 2004, and Plaintiff's
4 subsequent alleged placement in solitary confinement.  Defendants are ordered to produce:

5    (1) All documents, including incident reports, investigation reports, videos,
6    photographs, medical records, and any other documents relating to interactions
7    between Plaintiff and prison officials on or about the time of the events alleged in the
8    complaint.

9    (2) All documents concerning the confiscation of Plaintiff's property on or about the
10    time of the events alleged in the complaint.

11 The production of these documents will not unduly burden Defendants.   The Court
12 will also allow Plaintiff's responses to Defendants' interrogatories and Plaintiff's responses
13 to Defendants' requests for admissions.

14 Finally, the Court will not move the Defendants' July 16, 2010 deadline for pre-trial
15 dispositive motions because Defendants' ability to prepare and file such motions is not
16 affected by this order.  If Plaintiff wishes to file a pre-trial dispositive motion, he may do so
17 within the time frame allowed for his responses to Defendants' pre-trial dispositive motions.
18 If Defendants do not file any pre-trial dispositive motions, Plaintiff will have until August
19 6, 2010, to file his pre-trial dispositive motions.

20 IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery (doc.
21 # 58) is denied except that: (1) the Court will allow Plaintiff's responses to Defendants'
22 interrogatories and requests for admissions; and (2) Defendants must respond to Plaintiff's
23 requests for admissions and produce the documents enumerated above.

24 IT IS FURTHER ORDERED that Plaintiff may file his pre-trial dispositive motions
25 within the time frame allowed for his responses to Defendants' pre-trial dispositive motions,

26
27
28

1  if any.  If Defendants do not file any pre-trial dispositive motions, Plaintiff shall have until
2  August 6, 2010 to file his pre-trial dispositive motions.
3  DATED this 1st day of July, 2010.

                                    _____
                                            Neil V. Wake
                                    United States District Judge

- 3 -