IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| Clarence Howard, | ) | No. CV-06-191-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| C/O J. Nunley, et al., | ) | |
| Defendants. | ) | |

On July 16, 2010, Defendants filed a Motion for Summary Judgment (Doc. 60) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### NOTICE--WARNING TO PLAINTIFF

### *THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*[1]

Defendants' Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact–that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is

---

[1] *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

1  entitled to judgment as a matter of law, which will end your case.  When a party you are
2  suing makes a motion for summary judgment that is properly supported by declarations
3  (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead,
4  you must set out specific facts in declarations, depositions, answers to interrogatories, or
5  authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the
6  Defendants' declarations and documents and show that there is a genuine issue of material
7  fact for trial.  If you do not submit your own evidence in opposition, summary judgment,
8  if appropriate, may be entered against you.  If summary judgment is granted, your case
9  will be dismissed and there will be no trial.

10     Defendants have submitted a Statement of Undisputed Facts (Doc. 37-2) in support
11 of their Motion for Summary Judgment.  Rule 260(b) of the Local Rules of Civil
12 Procedure provides that you must respond to that Statement and that you may submit a
13 concise Statement of Disputed Facts along with your response to the Motion for Summary
14 Judgment:

> **(b) Opposition.** Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

22 L.R. 260(b).

23     **You must timely respond to the motion.**

24     IT IS THEREFORE ORDERED that Plaintiff must file a response to Defendants'
25 Motion for Summary Judgment, together with supporting affidavits or other appropriate
26 exhibits and a response to Defendants' Statement of Undisputed Facts no later than
27 August 9, 2010.

28     IT IS FURTHER ORDERED that Defendants may file a reply within 14 days after

service of Plaintiff's response.

IT IS FURTHER ORDERED that the Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

DATED this 16th day of July, 2010.

Neil V. Wake
United States District Judge