**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Fresno Division

| | | |
|---|---|---|
| Clarence Howard, | ) | No. CV-06-00191-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| C/O J. Nunley, et al., | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Clarence Howard's "Motion to Alter Amend the Judgment Under Federal Rule of Civil Procedure Rule 59(e)." (Doc. 75.) Howard challenges this Court's grant of summary judgment to Defendants, which terminated the case. (*See* Doc. 73.) The Court will deny Howard's motion.

**I.     Jurisdiction**

Howard filed this motion on October 21, 2010. Six days later, he filed a notice of appeal. In most circumstances, a notice of appeal would divest this Court of jurisdiction. However, under Federal Rules of Appellate Procedure 4(a)(4)(A)(iv) and 4(a)(4)(B)(i), the notice of appeal does not become effective until this Court disposes of Howard's Rule 59(e) motion. The Court will therefore decide the motion. To the extent jurisdiction does not exist, this Court intends this order to be an "indicative ruling" under Rule 62.1.

**II.    Legal Standard**

"Under Rule 59(e), it is appropriate to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Whether to grant a Rule 59(e) motion is within this Court's discretion. *Id.*

**III.    Analysis**

    **A.    Howard's Argument for Reconsidering Summary Judgment in Favor of Defendant Nunley**

This case arose from a dispute between Howard and a prison guard, Defendant Nunley, who brought Howard a meal that allegedly did not include bread, but should have. Howard protested by knocking on his door to get Nunley's attention, but Nunley told Howard that he had received bread. As Howard continued to complain, Nunley ordered Howard to stop knocking on his cell door and threatened pepper spray if Howard disobeyed. Howard soon began knocking again to get the attention of another prison guard, and Nunley carried out his pepper spray threat.

In its summary judgment order, this Court found that the parties did not dispute an important fact, specifically, that Howard disobeyed Defendant Nunley's order not to knock again on his cell door. (Doc. 73 at 5.) The Court acknowledged that the parties disputed the threat posed by Howard's disobedience — Howard said that he simply knocked on his cell door again, whereas Nunley claimed that Howard began kicking his door so hard that it later required repairs. Given this, the Court assumed Howard's version of facts to be true, and asked whether Nunley could appropriately use pepper spray to counteract Howard's disobedient knocking. The Court examined the case law regarding use of pepper spray and other chemical agents to subdue disobedient prisoners and enforce prison discipline. The Court found ambiguity on this issue both within and without the Ninth Circuit. Ambiguity,

- 2 -

1  by definition, cannot produce the clearly established law required to overcome the qualified
2  immunity defense that Nunley had asserted.  *See Pearson v. Callahan*, 129 S. Ct. 808, 815
3  (2009).  The Court accordingly granted summary judgment to Nunley on the issue of
4  qualified immunity.  (*See* Doc. 73 at 6–9.)

5  Howard now disputes the factual premise underlying the court's analysis:

> [S]ummary judgment [was] based on [a] false accusation, which was presented by the Court as well as by the defendants [*sic*] attorney.  (For example) the defendants [*sic*] attorney as well as the court, falsely claimed that Nunley was entitled immunity [*sic*], because the Plaintiff believed that his disobedience could threaten prison security.  The Court went on to fabricate, that Plaintiff admits that his disobedience could threaten the prison security.

(Doc. 75 at 5.)

Howard misunderstands.  The Court did not say that Howard admitted he was a threat to prison security, only that "Nunley was entitled to believe that Howard's disobedience — which Howard admits — could threaten prison security."  (Doc. 73 at 9.)  And Howard did admit disobedience.  He refused to characterize it as "disobedience," but at his deposition he confirmed that he did exactly what he had been "direct[ly] order[ed]" not do:

> Q. Did Officer Nunley give you a direct order to stop knocking on the door?
> A. He gave me a direct order not to knock on the door, yeah.  He — he say, "Don't knock on the door again."
> * * *
> Q. Did you obey Officer Nunley's order?
> A. Yes.
> Q. You stopped knocking on the door?
> A. Yes.
> Q. You never knocked on the door after he asked you not to?
> A. Yeah, I knocked on the door again.  And I —
> Q. Stop.  [¶] You did knock on the door again or not?  I want your answer to that.
> A. Yeah, I did knock on the door again.
> Q. After he asked you not to?

- 3 -

> A. After he walked away and I seen another officer.
> Q. Why did you knock on the door again?
> A. I'm required a certain amount of nutrients a day, so I was knocking on the door because I wasn't given those nutrients. I addressed the regular officer that was on the floor. I knocked on the door and I said [to that other officer], "Hey, let me talk to you for a minute."
> He come running up the stairs and told me, "I told you not to knock on the door again."
> Q. Who's "he"?
> A. Nunley.

(Doc. 62 at 20:15–21:22.)

The Court perceives no error in its previous ruling. Under Howard's version of events, his disobedience may have been minor, but his own words confirm that he did disobey. Case law on use of pepper spray for even minor acts of disobedience is unclear. Thus, there exists no clearly established right to be free from pepper spray in cases of admitted disobedience, and the Court sees no reason to alter or amend its judgment that Nunley is entitled to qualified immunity.

**B.   Howard's Argument for Reconsidering Summary Judgment in Favor of Defendant Sullivan**

Plaintiff accused Defendant Sullivan, the warden at Howard's prison, of failure to train, unconstitutional policies, and other similar arguments. However, as Sullivan pointed out in summary judgment, there was no evidence in the record that Howard had exhausted the prison's internal grievance process with respect to Sullivan before filing this lawsuit. Absent such exhaustion, the Prison Litigation Reform Act bars Howard's claim. *See* 42 U.S.C. § 1997(e).

Having raised the argument, the burden shifted to Howard to produce specific facts supported by evidence that he had exhausted his internal grievances against Sullivan. Fed. R. Civ. P. 56(e)(2). Howard, however, did not respond to this argument at all. In such circumstances, "summary judgment should, if appropriate, be entered against [the non-responding] party." *Id.* The Court found Sullivan's exhaustion argument to be correct, and

- 4 -

therefore entered summary judgment against Howard.

Howard now argues that his internal grievances against Nunley were sufficient to established a failure to train claim against Sullivan, and also that he filed a grievance six years ago about the unconstitutional conditions supposedly attributable to Sullivan's management. Yet Howard still submits no evidence supporting either statement, or that he fully exhausted these grievances. Even if he had, the Court would deem the argument waived for failure to raise it his summary judgment response. The Court will therefore not disturb the judgment in favor of Sullivan.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Alter Amend the Judgment Under Federal Rule of Civil Procedure Rule 59(e)" (Doc. 75) is DENIED.

DATED this 28th day of October, 2010.

_____
Neil V. Wake
United States District Judge